UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA ELEZAJ, et al.,

    Plaintiffs,

v.

Case No. 14-cv-10485
Hon. Matthew F. Leitman

U.S. BANK, NATIONAL ASSOCIATION,
SUCCESSOR TRUSTEE TO BANK OF
AMERICA, N.A., AS SUCCESSOR
TRUSTEE TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR FIRST
FRANKLIN MORTGAGE LOAN TRUST
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2007-FF1,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF #9)

In this action, Plaintiffs Maria and Mario Elezaj (the "Elezajs") contest the foreclosure of their real property in Leonard, Michigan. Defendant U.S. Bank, National Association, Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, National Association, as Trustee for First Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 ("U.S. Bank"), has now moved for judgment on the pleadings. (*See* ECF #9.) For the reasons explained below, the Court **GRANTS** U.S. Bank's Motion.

**FACTUAL BACKGROUND**

On or about November 10, 2006, the Elezajs obtained a $410,000 loan from First Franklin, a Division of National City Bank ("First Franklin"), to purchase real property located at 120 Howard Lake Road in Leonard, Michigan (the "Property"). (*See* the "Note," ECF #1-2 at 15-19, Pg. ID 25-29.) As security for the loan, the Elezajs granted a mortgage against the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Franklin. (*See* the "Mortgage," ECF #1-2 at 21-36, Pg. ID 356-46.) The Mortgage was recorded with the Oakland County Register of Deeds (the "Register of Deeds") on January 11, 2007. (*See* the "Recorded Mortgage," ECF #9-3 at 2, Pg. ID 356.)

On or about December 12, 2008, MERS assigned the Mortgage to LaSalle Bank, National Association ("LaSalle"). (*See* the "Assignment," ECF #9-4 at 2, Pg. ID 376.)[1] The Assignment was recorded with the Register of Deeds on January 5, 2009. (*Id.*)

The Elezajs allege that they contacted Bank of America, N.A. ("Bank of America"), the successor trustee to LaSalle, in January 2011 regarding a possible modification to the Mortgage. (*See* Compl. at ¶21.) Bank of America informed the Elezajs that "they would not be eligible for a loan modification if they were

---

[1] Specifically, MERS assigned the Mortgage to LaSalle "as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1." (*Id.*)

2

current" on the Mortgage. (*Id.*) The Elezajs ultimately defaulted on the Mortgage, and Bank of America initiated foreclosure by advertisement proceedings. (*Id.* at ¶22.) Thereafter, the Elezajs again contacted Bank of America regarding a potential loan modification, and Bank of America adjourned the foreclosure sale "so that [the Elezajs] could compile the financial information necessary" to apply for a loan modification (the "Adjournment"). (*Id.* at ¶23.)

The Elezajs assert that in September 2012 Bank of America "verbally informed [them] in a phone call" that they had been approved for a loan modification. (*Id.* at ¶25.) However, Bank of America later informed the Elezajs that it could not modify the Mortgage because the Elezajs "had not disclosed the tax returns for the family automotive collision business." (*Id.* at ¶26.) Thus, Bank of America proceeded with a foreclosure-by-advertisement.

U.S. Bank later succeeded to Bank of America's interest as trustee for the Mortgage. (*See* the "Sheriff's Deed," ECF #1-2 at 42, Pg. ID 52.) U.S. Bank ultimately purchased the Property at a sheriff's sale on January 15, 2013 (the "Sheriff's Sale"). (*See id.*)

**PROCEDURAL HISTORY AND THE ELEZAJS' CAUSES OF ACTION**

On January 8, 2014 – approximately one week before the expiration of the Elezajs' right to redeem the Property pursuant to M.C.L. § 600.3240 – the Elezajs filed a "Verified Complaint for Conversion of Non-Judicial Foreclosure to Judicial

3

Foreclosure Before th[e] Expiration of the Redemption Period Pursuant to M.C.L. § 600.3205c(8), Injunctive, Declaratory and Other Relief and Jury Demand" (the "Complaint") against U.S. Bank in Oakland County Circuit Court. (*See* Compl., ECF #1-2 at 2, Pg. ID 12.) The Complaint contains four causes of action:

- In Count I ("Injunctive Relief"), the Elezajs "seek to convert the non-judicial foreclosure to a judicial foreclosure before expiration of their redemption period on January 15, 2014, pursuant to M.C.L. § 600.3205c(8)." (Compl. at ¶48.)

- In Count II ("Declaratory Relief"), the Elezajs request that the Court (1) "declare and adjudge" that the Sheriff's Sale was voidable, and (2) set aside the Sheriff's Sale. (Compl. at 10, Pg. ID 20.)

- In Count III ("Promissory Estoppel"), the Elezajs seek relief, including (1) an order compelling U.S. Bank to modify the Mortgage or setting aside the Sheriff's Sale, and/or (2) monetary damages "for the breach of the promise of [Bank of America] to modify" the Mortgage. (*Id.*)

- In Count IV ("Fraud"), the Elezajs ask the Court to find that Bank of America's alleged representations regarding the Elezajs' eligibility and/or qualification for a loan modification were "materially false" and constitute "a clear showing of fraud in the foreclosure process." The Elezajs again seek an order setting aside the Sheriff's Sale and/or monetary damages. (*Id.* at 11-12; Pg. ID 21-22.)

U.S. Bank removed the action to this Court (*see* Notice of Removal, ECF #1 at 1, Pg. ID 1), and on June 13, 2014, it filed the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (*see* the "Motion," ECF #9). The Court heard oral argument on the Motion on September 18, 2014.

## **GOVERNING LEGAL STANDARD**

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss brought pursuant to Rule 12(b)(6). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion

to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[2]

## ANALYSIS

The relief the Elezajs' seek simply is not available to them on the facts they pleaded. Indeed, as discussed below, each of the theories under which the Elezajs' seek relief have been rejected – resoundingly – by the United States Court of Appeals for the Sixth Circuit or by other courts in this District on facts similar to those present here. In fact, in the week preceding this Opinion and Order, the Sixth Circuit has issued at least three opinions affirming the dismissal of actions similar to the Elezajs'. *See Jarbo v. The Bank of N.Y. Mellon*, No.14-1023 (6th Cir. Oct. 3, 2014); *Bernard v. Fed. Nat. Mortg. Ass'n*, No. 13-1477, (6th Cir. Sept. 29, 2014); *Rubin v. Fannie Mae*, No. 13-1010 (6th Cir. Sept. 29, 2014).

### A. The Elezajs Are Not Entitled to Convert a Non-Judicial Foreclosure to a Judicial Foreclosure After Expiration of the Statutory Redemption Period (Count I)

Michigan law provides that prior to initiating foreclosure proceedings, a lender must take certain steps including, upon a borrower's request, "work[ing]

---

[2] "In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record." *Holliday v. Wells Fargo Bank, NA*, No. 13-cv-11062, 2013 WL 3880211, at *2 (E.D. Mich. July 26, 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c (the "Loan Modification Statute").[3] The Elezajs allege that U.S. Bank (through its predecessors in interest) violated the Loan Modification Statute by refusing to modify the Mortgage. (*See* Compl. at ¶45.) Accordingly, the Elezajs seek to take advantage of the sole remedy available for violations of the Loan Modification Statute: "the borrower may file an action … to convert the foreclosure proceeding to a judicial foreclosure." M.C.L. § 600.3205c(8).

However, it is well-established that the relief provided for in the Loan Modification Statute – conversion of a foreclosure-by-advertisement to a judicial foreclosure – is not available *after* the foreclosure sale and/or *after* the expiration of the statutory redemption period. *See Thompson v. JPMorgan Chase Bank, N.A.*, 563 Fed. App'x 440, 444 (6th Cir. 2014) ("[E]ven if it were possible to convert an already-completed foreclosure by advertisement into a judicial foreclosure, plaintiff lost the ability to challenge that foreclosure … when the statutory redemption period expired without his having redeemed the property"); *Smith v. Bank of America Corp.*, 485 Fed. App'x 749, 756 (6th Cir. 2012) ("[Plaintiffs] appear to have missed the boat regarding the applicability of [the Loan

---

[3] Although the Loan Modification Statute has been repealed, *see* P.A. 2012, No. 521 (eff. June 30, 2013), it was in effect at all times prior to the Sheriff's Sale.

7

Modification Statute] which, when triggered allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert"); *see also Holliday v. Wells Fargo Bank, N.A.*, --- Fed. App'x ---, 2014 WL 2724082, at *4 (6th Cir. 2014); *Olson v. Merrill Lynch Credit Corp.*, --- Fed. App'x ---, 2014 WL 3930459, at *3 (6th Cir. 2014). In this case, the foreclosure-by-advertisement sale occurred on January 15, 2013, and the statutory redemption period expired on January 15, 2014.[4] Accordingly, the relief the Elezajs seek in Count I of the Complaint is no longer available.

The Elezajs' reliance on *Bobel v. Met Life Home Loans*, No. 11-cv-10574, 2012 WL 5823759 (E.D. Mich. Mar. 21, 2012), is misplaced. The court in *Bobel* did *not* find a right to convert a foreclosure-by-advertisement into a judicial foreclosure where, as here, the statutory redemption period had expired. In fact, the *Bobel* court expressly noted that the redemption period in that case had been stayed, and the court did "not opine whether the conversion right could be

---

[4] The Elezajs acknowledged at oral argument that the filing of this action did not toll or otherwise extend the redemption period, and that the redemption for the Property therefore expired on January 15, 2014. *See Rubin*, No. 13-1010, slip op. at 5 ("[t]he filing of a lawsuit – even one filed before the expiration of the redemption period – will not toll the redemption period") (citing *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014)); *see also Connolly v. Deutsche Bank Bat. Trust Co.*, --- Fed. App'x ---, 2014 WL 4435962, at *2 (6th Cir. 2014) (citing *Conlin v. Mortg. Elec. Registration Sys.*, 714 F.3d 355, 360 (6th Cir. 2013)).

exercised if the redemption period had expired." *Id.* at *2, n.3. Accordingly, *Bobel* does not apply here.

### B. The Elezajs Are Not Entitled to Declaratory Relief or an Order Setting Aside the Foreclosure and Sheriff's Sale Because They Have Not Demonstrated Fraud Or Irregularity in the Foreclosure Process That Prejudiced Them (Count II)

Once the statutory deadline for redeeming a foreclosed property has expired, "all of [the] plaintiff's rights in and title to the property are extinguished." *Bernard*, No. 13-1477, slip op. at 4 (quoting *Bryan*, 848 N.W.2d at 485). Thus, once the redemption period lapses, a mortgagor may invalidate or set aside the foreclosure and sheriff's sale – as the Elezajs seek to do in Count II of their Complaint – "only by demonstrating fraud or irregularity in the foreclosure proceedings." *Kopko v. Bank of N.Y. Mellon*, No. 12–13941, 2012 WL 5265758, at *8 (E.D. Mich. Oct. 23, 2012) (collecting authority); *see also Rubin*, No. 13-1010, slip op. at 5 (noting the "high standard" a plaintiff must meet "in order to have a foreclosure sale set aside after the lapse of the statutory redemption period") (citing *Conlin*, 714 F.3d at 359). The fraud or irregularity "must relate to the foreclosure proceeding itself." *Conlin*, 714 F.3d at 359. In this case, the Elezajs have asserted four theories of fraud or irregularity, but none of the theories entitles them to relief.

First, the Elezajs argue that the Court should set aside the Sheriff's Sale because the Adjournment did not comply with M.C.L. § 600.3220, which

9

establishes notice requirements for the adjournment of foreclosure sales. (*See* Compl. at ¶55.) A defect in notice "is only actionable upon a showing of actual prejudice" to the mortgagor. *Fawcett v. Wells Fargo Bank*, No. 13-cv-10591, 2013 WL 6181719, at *3 (E.D. Mich. Nov. 26, 2013) (citing *Lessl v. CitiMortgage, Inc.*, 515 Fed. App'x 467, 469 (6th Cir. 2013)). "[N]o prejudice from inadequate notice can be found … when the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property." *Id.* (citing *Lessl*, 515 Fed. App'x at 469) (internal punctuation omitted). In this case, the Elezajs have not alleged that they were unaware of the foreclosure proceedings; they have not alleged that they lost an opportunity to preserve their interest in the Property due to the allegedly defective notice; nor have they alleged any other way in which they were prejudiced by the allegedly defective notice. Accordingly, the Elezajs are not entitled to relief under this theory.

Second, the Elezajs argue that the Court should set aside the Sheriff's Sale because "the [A]ssignment was a nullity rendering chain of title invalid pursuant to M.C.L. § 600.3204(3)" (the "Foreclosure-by-Advertisement Statute"). (Compl. at ¶56.)[5] The Elezajs argue that the Assignment was invalid because MERS assigned

---

[5] The Foreclosure-by-Advertisement Statute provides, in relevant part, that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a

10

the "Mortgage without the Note." (*Id.* at ¶56.) However, this argument is directly contrary to Michigan law. Indeed, "it is lawful for the holder of the mortgage to be different from the holder of the debt." *Hargrow v. Wells Fargo Bank, N.A.*, 491 Fed. App'x 534, 538 (6th Cir. 2012) (citing *Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011)). Moreover, the assignment of a mortgage without a corresponding assignment of the interest in the underlying debt *does not* render chain of title invalid. *See, e.g.*, *Hargrow*, 491 Fed. App'x at 537-38 (6th Cir. 2012); *Bakri v. Mortg. Elec. Registration Sys.*, 2011 WL 3476818, at *4 (Mich. Ct. App. Aug. 9, 2011). For these reasons, at least one court in this District has found (in a case brought by the Elezajs' counsel on behalf of a different plaintiff) that the "invalid-assignment" argument is "frivolous." *Washington v. BAC Home Loans Servicing, L.P.*, No. 12-cv-12940, 2013 WL 5476023 at *5 (E.D. Mich. Oct. 2, 2013). Accordingly, the Elezajs have not demonstrated that the record chain of title in this case is invalid, and they therefore are not entitled to relief on this ground.[6]

---

record chain of title must exist before the date of sale … evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L.§ 600.3204(3).

[6] Furthermore, even if the Elezajs had identified a flaw in the chain of title, their claim would nonetheless fail because they have not pleaded that they suffered any prejudice as a result of the alleged flaw. *See Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012) (requiring a showing of prejudice in an action under the Foreclosure-by-Advertisement Statute).

Third, the Elezajs contend that the Court should set aside the Sheriff's Sale because U.S. Bank "wrongfully refused to modify" the Mortgage. (Compl. at ¶¶57-58.) However, the Elezajs' requested relief is barred by M.C.L. § 600.3205(c)(8), which as discussed above, provides that the *sole* remedy for violations of the Loan Modification Statute is conversion of the sheriff's sale to a judicial foreclosure. *See, e.g.*, *Kopko*, 2012 WL 5265758, at *14-15 (collecting authority).

Finally, at oral argument, the Elezajs argued that the Court should set aside the Sheriff's Sale because U.S. Bank engaged in "dual tracking." "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v. RBS Citizens, N.A.*, 996 F.Supp.2d 574, 585 (E.D. Mich. 2014) (internal citation omitted). However, "dual tracking violations relate to the loan modification process rather than the foreclosure process." *Id.* Thus, even if U.S. Bank engaged in dual tracking, as the Elezajs allege, this practice does not constitute a fraud or irregularity in "the foreclosure proceeding itself," *Conlin*, 714 F.3d at 359, and the Elezajs therefore are not entitled to relief on this ground.

For these reasons, the Elezajs' claims in Count II of their Complaint are wholly without merit.

### C. The Elezajs' Claims Based on Alleged Promises by U.S. Bank or its Predecessors are Barred By the Statute of Frauds (Counts III and IV)

The Elezajs are unable to prevail on their claims of promissory estoppel and fraud because they have not alleged that U.S. Bank or its predecessors made an enforceable, *written* promise to modify the Mortgage. Michigan's Statute of Frauds precludes a borrower from bringing a claim against a financial institution to enforce the terms of an oral promise or unsigned writing to modify the terms of a loan. *See* M.C.L. § 566.132(2). In this case, the Elezajs have not pleaded that U.S. Bank or its predecessors made a promise to modify the Mortgage in a signed writing. To the contrary, the Elezajs state that a predecessor of U.S. Bank "verbally informed [them] in a phone call" that it had approved a modification to the Mortgage. (Compl. at ¶25; emphasis added.)[7] The Elezajs' claims in Counts III and IV of their Complaint are therefore barred by the Statute of Frauds. *See, e.g.*, *Clark v. Bank of America, N.A.*, No. 12-cv-13034, 2013 WL 3069305 at *4 (E.D. Mich. June 18, 2013) (dismissing breach of contract claim based on alleged promise to modify mortgage loan "[b]ecause Plaintiffs do not allege Defendant … signed a writing approving their loan modification"); *Ross v. Federal Nat. Mortg.*

---

[7] The Elezajs also state that a predecessor of U.S. Bank made other representations – for instance, a statement in September 2011 that the lender would modify the Mortgage if the Elezajs satisfied certain criteria (*see* Compl. at ¶63) – but nowhere in their Complaint do the Elezajs allege that any such representation was made in a signed writing.

*Ass'n*, No. 13-cv-12656, 2014 WL 3597633 at *5-7 (E.D. Mich. July 22, 2014) (dismissing fraud claim based on alleged breach of promise to modify loan because plaintiff "has neither referred to nor presented the Court with a written, signed instrument outlining her loan modification").

The Elezajs argue that "the existence or non-existence of a signed writing is an issue of fact" and that they are therefore entitled to discovery on this issue. (Resp. Br. at 14, Pg. ID 560.) This is simply not the case. Before they are entitled to any discovery, the Elezajs must first "plead factual content that allows the court to draw the reasonable inference" that U.S. Bank is liable for the alleged fraud. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Because the Elezajs have not even alleged that a signed writing exists, they are not entitled to discovery.

**D. The Elezajs' Informal Request to Amend Their Complaint**

In their brief opposing U.S. Bank's Motion and at oral argument, the Elezajs informally sought leave to amend their Complaint to remedy any pleading deficiencies. (*See* Resp. Br. at 17, Pg. ID 563.) "Although Federal Rule of Civil Procedure 15(a) establishes a liberal policy toward granting leave to amend, a 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is … not a motion to amend.'" *Graves v. Dept. of Veterans Affairs*, No. 13-cv-14140, 2014 WL

14

4145403, at *10 (E.D. Mich. Aug. 20, 2014) (quoting *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014)). The Elezajs' informal request for leave to amend consists of the sort of "throwaway language" that does not constitute a motion to amend under Rule 15(a). *See Kuyat*, 747 F.3d at 444. The Elezajs are "not entitled to an advisory opinion from the Court informing them of the deficiencies of the [C]omplaint and then an opportunity to cure those deficiencies." *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).

Moreover, and in any event, the Elezajs did not identify any specific ways in which they would amend their Complaint to state a viable claim, if granted leave to amend. At oral argument, the Elezajs identified only one alleged irregularity that they had not pleaded in their Complaint – "dual tracking" – but, as discussed above, dual tracking is not an irregularity in the foreclosure process itself. Further, the Elezajs did not identify any additional prejudice that they suffered as a result of the alleged fraud or irregularities; nor did they state that an amended complaint would allege the existence of a signed writing by U.S. Bank or its predecessors promising to modify the Mortgage. Under these circumstances, the Court will not grant the Elezajs' informal request to amend their Complaint.

## CONCLUSION

For all of the reasons in stated in this Opinion and Order, **IT IS HEREBY ORDERED** that U.S. Bank's Motion for Judgment on the Pleadings (ECF #9) is **GRANTED**.

                              s/Matthew F. Leitman
                              MATTHEW F. LEITMAN
                              UNITED STATES DISTRICT JUDGE

Dated: October 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2014, by electronic means and/or ordinary mail.

                              s/Holly A. Monda
                              Case Manager
                              (313) 234-5113